PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:16-CR-158-4 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| DITAGI GREENE, | ) | **ORDER** |
| | ) | [Resolving ECF No. 123] |
| Defendant. | ) | |

Pending is Defendant Ditagi Greene's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A)(i), filed *pro se.* ECF No. 123. The Government has filed a response in opposition. ECF No. 124. Defendant has replied and filed additional documents in support of his motion. ECF No. 127. As explained below, Defendant's motion is denied for failure to meet the statutory exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A). In the alternative, the motion is denied on the merits for failure to establish "extraordinary and compelling" reasons for release.

**I. Background**

On March 22, 2017, pursuant to a written plea agreement, Defendant pleaded guilty to Conspiracy To Distribute and Possess With The Intent To Distribute Cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846, and Possession With The Intent To Distribute Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). ECF No. 69. The Court sentenced Defendant to a term of imprisonment of 100 months. ECF No. 91. Defendant is currently serving his prison sentence at FCI Sheridan.[1]

---

[1] According to the Bureau of Prisons Inmate Locator (bop.gov/inmateloc/, (last accessed July 28, 2020)) Defendant is currently incarcerated at FCI Sheridan in Oregon.

(continued...)

(1:16CR158-4)

Defendant avers that due to the COVID-19 pandemic and the high risk of infection in jails and prisons, in general, the Court should reduce his sentence to time-served and order his immediate release to home confinement. ECF No. 123 at PageID #: 873-74. Defendant also states that his underlying health conditions (hypertension, high cholesterol, and risk of diabetes) place him at an elevated risk for contracting and developing severe symptoms of COVID-19. *Id*.; ECF No. 127 at PageID #: 895.

**A.**

Before 2018, only the Bureau of Prisons ("BOP") could move for the compassionate release of a criminal defendant. Since the First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A), inmates may now move for compassionate release. *See* Pub. L. 115-391, Sec. 603(b)(1). The amendment does not, however, give inmates unrestricted ability to seek compassionate release from courts. Rather, the amended statute provides that such a motion may be filed only if certain conditions are met. The relevant portion states:

> (c) [] The court may not modify a term of imprisonment once it has been imposed except that
>
> (1) in any case
>
> > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant *after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or*

---

[1](...continued)
His anticipated release date is July 30, 2023. FCI Sheridan houses 1568 inmates. Of the 355 inmates tested, 2 have tested positive. There have been no deaths. *See* Covid-19 Inmate Test Information, Federal Bureau of Prisons, (bop.gov/coronavirus/, (last accessed July 28, 2020)).

(1:16CR158-4)

> *the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C. § 3582(c) (emphasis added).

The statute permits a criminal defendant to file a motion for compassionate release only after: (1) he has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf. *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) (interpreting 18 U.S.C. § 3582(c) and finding the statutory prerequisites therein to be "mandatory claim-processing rules" which must be "strictly enforce[d]"). Defendant has not shown that he

3

(1:16CR158-4)

has met either condition for consideration.[2] Until the statutory requirements of 18 U.S.C. § 3582(c)(1)(A) are satisfied, the Court will not entertain Defendant's motion.

**B.**

Assuming Defendant has satisfied the statutory prerequisites for the Court's consideration of the motion for compassionate release, he has failed to demonstrate "extraordinary and compelling" reasons for release. Therefore, the motion is denied.

To determine whether extraordinary and compelling reasons justify Defendant's release, the Court must decide if a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The applicable policy statement provides that if a defendant is not a danger, release may be warranted when the following conditions manifest:

(A) Medical Condition of the Defendant.

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is

        (I) suffering from a serious physical or medical condition,

        (II) suffering from a serious functional or cognitive impairment, or

---

[2] Defendant alleges that he made a request to the Warden on March 17, 2020. *See* ECF No. 127; ECF No. 127-1. This mere assertion without evidence to substantiate any request made is insufficient to meet the statutory prerequisites of 18 U.S.C. § 3582(c)(1)(A). The Court is also without evidence of the Warden's response (if any) to Defendant's request to file a motion for compassionate release on his behalf.

(1:16CR158-4)

          (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

  (B) Age of the Defendant. The defendant

     (i) is at least 65 years old;

     (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and

     (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

  (C) Family Circumstances.

     (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

     (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

  (D) Other Reasons. As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, cmt. n.1.[3]

Defendant does not meet the criteria in the applicable policy statement. He is a 50-year-old man in fairly good health. *See* ECF 212-1. While he asserts he has hypertension,

---

[3] Although the applicable policy statement has not been modified to keep pace with the amended statute that now allows an inmate to seek his own release after having met certain conditions, its helpfulness persists.

(1:16CR158-4)

high cholesterol, and is at risk of diabetes, nothing in the parties' filings indicate that these conditions are not managed while in BOP custody.[4]

Defendant's concern regarding the spread of COVID-19 is understandable. Hypertension and diabetes, if not well controlled, place Defendant at an elevated risk of developing the more severe symptoms of COVID-19.[5] This generalized albeit elevated risk, however, is not akin to the type of "extraordinary and compelling reasons" justifying compassionate release. Defendant has not contracted the virus, and his medical condition, in light of his relatively young age and access to medication and treatment while in BOP, does not fall within the category of illnesses with an end of life trajectory, or other reasons, under the guidelines. If released, Defendant's elevated risk of contracting the virus would persist and place at risk the probation officers tasked with supervising him in the community as well as those with whom he would otherwise interact.

---

[4] The Court is also without evidence the Defendant actually suffers the ailments he lists. See United States v. Black, No. 5:18-CR-646-1, 2020 WL 1930149, at *3 (N.D. Ohio Apr. 21, 2020) (Lioi, J.) (finding defendant fell short of establishing a right to compassionate release when no proof, such as medical records, substantiated his claim of underlying medical conditions). Nevertheless, for expediency, the Court presumes Defendant's stated health conditions in ruling on the merits of the instant motion.

[5] Groups at Higher Risk for Severe Illness, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/g roups-at-higher-risk.html (last visited July 28, 2020). The CDC Guidelines do not address Defendant's other asserted condition, high cholesterol, as one which elevates one's risk of developing severe illness from COVID-19.

(1:16CR158-4)

Defendant has not presented "extraordinary and compelling" reasons for release.[6]

## IV. Conclusion

For the foregoing reasons, Defendant's motion for compassionate release is denied.

IT IS SO ORDERED.

| July 29, 2020 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson<br>United States District Judge |

---

[6] Because Defendant has not established "extraordinary and compelling" reasons justifying compassionate release, the Court need not reach whether Defendant poses a danger to the safety of the community, nor specific application of the 18 U.S.C. § 3553(a) factors.