PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DITAGI GREENE, | ) |
| | ) CASE NO. 1:19CV2429 |
| Petitioner, | ) (1:16CR0158-4) |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| UNITED STATES OF AMERICA, | ) **MEMORANDUM OF OPINION** |
| | ) **AND ORDER** |
| Respondent. | ) [Resolving ECF No. 117] |

Pending is *Pro Se* Petitioner Ditagi Greene's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 117).[1] The Court has been advised, having reviewed the record, the parties' briefs,[2] and the applicable law. For the reasons stated below, the § 2255 motion is denied.

**I. Background**

In June 2016, a federal grand jury in the Northern District of Ohio returned a Superseding Indictment (ECF No. 21) against Petitioner and others. Petitioner was charged with conspiracy

---

[1] Unless otherwise indicated, the docket references will be to the criminal case, not the related civil case, 1:19CV2429.

[2] Petitioner did not file a permissive reply. *See* Order (ECF No. 121).

(1:19CV2429)

to distribute and possess with the intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846 (Count 1), and possession with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2 (Count 2).

Assistant Federal Public Defender Debra Migdal was present and appointed as counsel for Petitioner at his arraignment. *See* Transcript of Arraignment (ECF No. 99); Non-document Minutes of proceedings dated June 29, 2016.

Petitioner filed a Notice of Intent to Plead Guilty (ECF No. 42). He subsequently pleaded guilty with a written Plea Agreement (ECF No. 69) before a magistrate judge to conspiracy to distribute and possess with the intent to distribute cocaine and possession with the intent to distribute cocaine. The matter was set for sentencing before the undersigned on July 11, 2017. *See* Transcript of Change of Plea Hearing (ECF No. 57); Non-document Minutes of proceedings dated March 22, 2017. Having found that Petitioner's plea was knowingly, intelligently, and voluntarily made, the magistrate judge recommended that the district judge accept the plea. *See* Report (ECF No. 51). On April 28, 2017, the undersigned adopted the magistrate judge's report and recommendation without objection and accepted Defendant's guilty plea. *See* Order (ECF No. 68).

A final revised Presentence Investigation Report ("PSR") was filed in October 2017. The Court determined that Petitioner's total offense level under the Guidelines was 24 after factoring in a reduction because he accepted responsibility for his crimes. Based upon a total offense level

(1:19CV2429)

of 24 and a criminal history category of VI, the advisory Guidelines imprisonment range was 100 to 125 months. *See* Transcript of Sentencing Proceedings (ECF No. 103) at PageID #: 683.

On October 24, 2017, the undersigned sentenced Petitioner to 100 months as to each of Counts 1 and 2 of the Superseding Indictment, each such term to be served concurrently. The term of imprisonment is followed by a five-year term of supervised release. *See* Judgment in a Criminal Case (ECF No. 91); ECF No. 103 at PageID #: 709.[3] Petitioner was advised of his right to appeal. *See* ECF No. 103 at PageID #: 722-23.

Petitioner filed a direct appeal, *see* Notice of Appeal (ECF No. 93), and was represented by appellate counsel appointed by the Court of Appeals for the Sixth Circuit under the Criminal Justice Act. The Sixth Circuit affirmed this Court's judgment. *United States v. Greene*, No. 17-4175 (6th Cir. Oct. 29, 2018) (ECF No. 114).

---

[3] According to the Bureau of Prisons ("BOP") website (http://www.bop.gov/inmateloc/) (last visited Feb. 3, 2023), Plaintiff is no longer a federal inmate. He was released on September 20, 2022. Although Petitioner has been released from the custody of the BOP, he is currently serving a term of supervised release. Consequently, he is still "in custody" for purposes of § 2255. *See United States v. Zack*, No. 98-1526, 1999 WL 96996 (6th Cir. Feb. 1, 1999) ("A defendant serving a term of supervised release is "in custody" for the purposes of § 2255.") (citing *United States v. Brown*, 117 F.3d 471, 475 (11th Cir. 1997), and *United States v. Essig*, 10 F.3d 968, 970 n. 3 (3d Cir.1993), *superseded on other grounds by rule*, 3d Cir. L.A.R. 31.3 (2002), *as recognized in United States v. Turner*, 677 F.3d 570, 578 (3d Cir. 2012)); *United States v. Hinson*, Nos. 2:02-CR-22, 2:12-cv-346, 2015 WL 5712767, at *4 (E.D. Tenn. Sept. 29, 2015) ("As a general matter, the Court finds that Hinson's § 2255 motion is not moot even though he has been released from the physical custody of BOP. Hinson is still 'in custody' for purposes of § 2255 because he is serving a term of supervised release.") (citing *Zack, supra*).

(1:19CV2429)

On September 23, 2019,[4] Petitioner filed the instant timely Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 117). At the time, Petitioner was incarcerated in the Federal Correctional Institution in Sheridan, Oregon ("FCI Sheridan").[5]

## II. Discussion

### A. Section 2255 Legal Standards

As stated by the United States Court of Appeals for the Sixth Circuit:

> . . .To obtain relief under § 2255, the movant "must show '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.' " *McPhearson v. United States*, 675 F.3d 553, 559 (6th Cir. 2012) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). An evidentiary hearing "is required unless the record conclusively shows that the petitioner is entitled to no relief." *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)); *see* 28 U.S.C. § 2255(b).

---

[4] Under Sixth Circuit precedent, the petition is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his petition on September 23, 2019. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 Fed.Appx. 497, 498 n. 1 (6th Cir. 2006) (per curiam)).

[5] Petitioner has failed to provide the court with his current address since being released from the BOP. It is the party, not the court, who bears the burden of apprising the court of any changes to his mailing address. *See Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012) (citing *Casimir v. Sunrise Fin., Inc.*, 299 Fed.Appx. 591, 593 (7th Cir. 2008) (affirming district court's denial of Rule 60(b) motion where movants claimed due to house fire they did not receive mail informing them of court's entry of summary judgment); *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("[A] litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court during the pendency of his lawsuit."); *Watsy v. Richards*, No. 86-1856, 1987 WL 37151, at *1 (6th Cir. April 20, 1987) (affirming dismissal for failure to prosecute where appellant failed to provide district court with "current address necessary to enable communication with him")).

(1:19CV2429)

Nix v. United States, No. 20-6218, 2022 WL 815539, at *1 (6th Cir. March 15, 2022).

> As stated in *Watkins v. United States*:
>
> It is well settled that a proper § 2255 motion does not reach alleged errors that are not of a constitutional or jurisdictional magnitude and that could have been reached by a direct appeal. *Stone v. Powell*[,] 428 U.S. 465, 477 (1976). To "obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). "Once the defendant's chance to appeal has been waived or exhausted, however, we are entitled to presume he stands fairly and finally convicted." *Id.* at 164.

Nos. 5:11CR0536, 5:19CV2427, 2019 WL 6170832, at *2 (N.D. Ohio Nov. 20, 2019).

### B. Evidentiary Hearing

In *Amr v. United States*, 280 Fed.Appx. 480 (6th Cir. 2008), the Court of Appeals for the Sixth Circuit held that a prisoner was not entitled to a hearing on an ineffective assistance of counsel claim when the claim was conclusively refuted by the record. *Id.* at 485-86. "[A] motion under § 2255 is ordinarily presented to the judge who presided at the original conviction and sentencing of the prisoner. In some cases, the judge's recollection of the events at issue may enable [her] summarily to dismiss a § 2255 motion. . . ." *Blackledge v. Allison*, 431 U.S. 63, 74 n.4 (1977). The Court finds that the within motion may be resolved without an evidentiary hearing because the judge's recollection, as well as the files and records in this case, conclusively show that Petitioner is not entitled to relief under § 2255. *Ross v. United States*, 339 F.3d 483, 490 (6th Cir. 2003).

### C. Ground Asserted in the § 2255 Motion

Petitioner's motion presents one ground of ineffective assistance of trial counsel on which he claims that he is being held in violation of the Constitution, laws, or treaties of the United

5

(1:19CV2429)

States. For the reasons set forth below, the ground does not merit an evidentiary hearing or relief under 28 U.S.C. § 2255.

The Supreme Court has established a two-part test for determining whether an attorney rendered ineffective assistance. *Strickland v. Washington*, 466 U.S. 668 (1984). "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. In attempting to establish that an attorney's performance was deficient, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.*. "To establish prejudice, Petitioner must show a reasonable probability that, but for his attorney's errors, the proceedings would have produced a different result." *Ross v. United States*, 339 F.3d 483, 492 (6th Cir. 2003). "When applying *Strickland*, if we can more easily dispose of an ineffective assistance claim based on lack of prejudice, we should follow that route." *Id*.

"Petitioners claiming ineffective assistance of counsel under *Strickland* have a heavy burden of proof." *Whiting v. Burt*, 395 F.3d 602, 617 (6th Cir. 2005). "Proving prejudice is not easy" because the petitioner is confronted with the "high burden" of demonstrating "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

6

(1:19CV2429)

would have been different." *Monea v. United States*, 914 F.3d 414, 419 (6th Cir. 2019) (citing *Davis v. Lafler*, 658 F.3d 525, 536 (6th Cir. 2011)). The petitioner must demonstrate the constitutional violation because it is "presumed that the lawyer is competent." *United States v. Cronic*, 466 U.S. 648 (1984). A claim alleging ineffective assistance of counsel that challenges the validity of the plea must demonstrate a reasonable probability that, but for the error committed by counsel, the defendant would not have pleaded guilty and would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985). For the reasons that follow, there was no deficient performance by Petitioner's trial counsel and no prejudice to Petitioner.

**1.**

Petitioner argues that his trial counsel, Ms. Migdal, rendered ineffective assistance. He claims she failed to research and was not aware of the elements of the offenses. According to Petitioner, "counsel did not research the statute 21 U.S.C. §§ 841(a) and (b) to learn what the essential elements of the statute were and what was required to convict the Petitioner before persuading Petitioner to plead guilty to a crime he was actually innocent of." ECF No. 117 at PageID #: 822. The record shows otherwise.

The elements of the offenses are set forth in the written Plea Agreement. *See* ECF No. 69 at PageID #: 372, ¶ 11. Petitioner expressly acknowledged that he had discussed the case – including the elements of the offense – with his trial counsel:

> . . . I have discussed this case and this plea agreement in detail with my attorney who has advised me of my Constitutional and other trial and appeal rights, the nature of the charges, *the elements of the offenses the United States would have to prove at trial*, the evidence the United States would present at such trial, possible defenses, the advisory Sentencing Guidelines and other aspects of sentencing, potential losses of civil rights and privileges, and other potential consequences of

7

(1:19CV2429)

> pleading guilty in this case. I have had sufficient time and opportunity to discuss all aspects of the case in detail with my attorney and have told my attorney everything I know about the charges, any defenses I may have to the charges, and all personal and financial circumstances in possible mitigation of sentence. I am satisfied with the legal services and advice provided to me by my attorney.

ECF No. 69 at PageID #: 378 (emphasis added).

The Court also thoroughly reviewed the elements of the offenses and ensured that Petitioner understood them during the plea colloquy in March 2017. Petitioner affirmed for the Court under oath that he had discussed the charges in the Superseding Indictment (ECF No. 21) with his trial counsel and that he understood them:

> THE COURT: I'm now going to go through with you the offenses to which you indicated you intend to plead guilty.
> There are two counts in the superseding indictment to which you have indicated an intent to plead guilty.
> Count 1 charges you under 21 United States Code, Section 846 with participation in a drug conspiracy.
> Count 2 charges you under 21 United States Code, Sections 841(a)(1) and (b)(1)(B) with possession with the intent to distribute cocaine.
> Mr. Greene, have you discussed with your attorney, Ms. Migdal, the charges in Counts 1 and 2 of the superseding indictment to which you intend to plead guilty?
> THE DEFENDANT: Yes.
> THE COURT: And do you feel that you understand the charges in Counts 1 and 2?
> THE DEFENDANT: Yes.
> THE COURT: I'm going to go through the elements of the offenses charged in Counts 1 and 2. If you want to follow along, the elements are set forth on page 4, paragraph 11 of your plea agreement.
> There are two elements to the offense charged in Count 1 -- Ms. Migdal, are you needing to find your place?
> MS. MIGDAL: Thank you.
> THE COURT: Okay. There are two elements to the offense charged in Count 1 which is the drug conspiracy count.
> The first element is that two or more persons conspired or agreed to violate federal drug laws. The second element is that the defendant knowingly and voluntarily joined the conspiracy.

(1:19CV2429)

>           Do you understand those elements, Mr. Greene?
>                   THE DEFENDANT: Yes.
>                   THE COURT: Do you have any questions about either of those
> elements?
>                   THE DEFENDANT: No, Your Honor.
>                   THE COURT: Okay. There are three elements to the offense
> charged in Count 2 which is the count that charges you with possession with the
> intent to distribute cocaine.
>           The first element is defendant, which is you, possessed a controlled
> substance. The second element is that defendant knew the substance was a
> controlled substance. The third element is that defendant intended to distribute
> the controlled substance.
>           Do you understand those elements, Mr. Greene?
>                   THE DEFENDANT: Yes.
>                   THE COURT: And do you have any questions about any of those
> three elements?
>                   THE DEFENDANT: No.
>                   THE COURT: Ms. Migdal, have you gone over the elements of
> the offenses charged in Counts 1 and 2 with Mr. Greene, and do you feel that he
> understands those elements?
>                   MS. MIGDAL: Yes, Your Honor.

ECF No. 57 at PageID #: 297-99. Sworn statements made "in open court carry a strong presumption of verity." *Blackledge*, 431 U.S. at 74.

**2.**

Next, Petitioner alleges that his trial counsel rendered ineffective assistance because she failed to provide him with a copy of the Superseding Indictment (ECF No. 21) at his arraignment, which precluded him from being aware of and understanding the nature of the charges against him: "Counsel did not ensure [Petitioner's] Fifth Amendment rights were protected to receive an indictment so that he would be informed of the nature and cause of the accusations against him, and be able to intelligently prepare a defense or negotiate a reasonable plea to bar future prosecutions of the same offense." ECF No. 117 at PageID #: 822; Attachment A to § 2255

9

(1:19CV2429)

Motion (ECF No. 117-1) at PageID #: 829 ("counsel persuaded [Petitioner] to plead guilty to a felony he was actually innocent of"). Petitioner specifically alleges that he did not receive a copy of the Superseding Indictment (ECF No. 21) until June 12, 2018 ("over two years after he was indicted"), and that had he been provided with a copy of the indictment, he would have known that it was "fatally flawed and invalid" because it "fails to charge a crime." ECF No. 117-1 at PageID #: 827-28. Petitioner argues this rendered his guilty plea involuntary. Petitioner's claim that his trial counsel failed to timely provide him with a copy of the Superseding Indictment (ECF No. 21), however, is simply not borne out by the record. Petitioner responded under oath to the Court's questions at the June 2016 arraignment:

> THE COURT: All right.
> Mr. Greene, have you had sufficient opportunity to discuss with your attorney what is happening here today?
> DEFENDANT GREENE: Yes.
> THE COURT: And have you received a copy of the indictment?
> DEFENDANT GREENE: Yes.
> THE COURT: Have you had sufficient opportunity to review the indictment with your attorney?
> DEFENDANT GREENE: Yes.
> THE COURT: Before I ask you how you plead, you have the right to have the indictment read in full, or you can waive the reading of the indictment.
> Do you wish to waive the reading of the indictment?
> DEFENDANT GREENE: Yes.

ECF No. 99 at PageID #: 632-33. The Sixth Amendment guarantees a criminal defendant the fundamental right to be clearly informed of the nature and cause of the charges against him in order to permit adequate preparation of a defense. *Cole v. State of Ark.*, 333 U.S. 196, 201 (1948). Given that Petitioner admitted to the Court under oath that he was provided with a copy of the Superseding Indictment (ECF No. 21) and that he had reviewed it with his trial counsel

10

(1:19CV2429)

prior to his arraignment, he cannot now succeed in claiming otherwise. *See Blackledge*, 431 U.S. at 73-74.

### III. Conclusion

Accordingly, the Court finds that Petitioner fails to demonstrate any ground on which he is entitled to relief under § 2255. Petitioner Ditagi Greene's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 117) is denied.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

| | |
|---|---|
| February 3, 2023 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |